

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT RAMIREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:17-CV-733-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Robert Ramirez, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On February 12, 2014, a jury in Tarrant County, Texas, Case No. 1346024R, found petitioner guilty of aggravated assault causing serious bodily injury and assessed his punishment at 25 years' confinement in TDCJ. (Clerk's R. 334.) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment. (Mem. Op. 15.) Although the

Texas Court of Criminals extended petitioner's time to file a petition for discretionary review (PDR) through October 21, 2015, he did not do so. (Docket Sheet 2.) Petitioner also filed two state habeas-corpus applications challenging his conviction. The first, filed on June 30, 2016, was dismissed for noncompliance with the state's form requirements.[1] (SHR02[2] 2 & Action Taken.) The second, filed on October 18, 2016, was denied on May 17, 2017, by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (SHR03 2 & Action Taken.) This federal habeas petition challenging his state-court conviction was filed on September 6, 2017.[3] Respondent asserts that the petition is untimely under the federal statute of limitations and should be dismissed. (Resp't's Answer 5-8.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas

---

[1] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's applications do not provide the date he placed the documents in TDCJ's mailing system and one of the two does not reflect the date he signed the "Inmate's Declaration." (SHR02 21; SHR03 18.) Thus, petitioner is not given the benefit of the prison-mailbox rule.

[2] "SHR02" refers to the record of petitioner's state habeas proceeding in WR-84,796-02; "SHR03" refers to the record of his state habeas proceeding in WR-84,796-03.

[3] Likewise, a prisoner's federal habeas petition is deemed filed when placed in the prison mailing system. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner's initial filing, which was construed by the court as a petition for a writ of habeas corpus under § 2254, does not provide the date he placed the document in TDCJ's mailing system, however it was signed and executed by petitioner on September 6, 2017; thus, the petition is deemed filed on that date. (Pet. 10.)

corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. An extension of time to file a PDR extends the time for seeking further direct review and delays the finality of the judgment under subsection (A) until the

3

expiration of the deadline for filing the PDR. *See Brown v. Thaler,* 455 Fed. App'x 401, 2011 WL 6156883, at *1 (5th Cir. Dec. 12, 2011). Because petitioner received three extensions to file a PDR, the time in which he could no longer seek further direct review expired on October 21, 2015, when his PDR was last due. Accordingly, limitations commenced on October 22, 2015, and expired one year later on Monday, October 24, 2016.[4] Accordingly, petitioner's federal petition, filed on September 6, 2017, is untimely, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter equity. Petitioner's first state habeas application dismissed for noncompliance with the state's form requirements did not operate to toll the limitations period under the statutory tolling provision. *See Artuz v. Bennett,* 531 U.S. 4, 8 (2000). However, petitioner's second state habeas application pending from October 18, 2016, through May 17, 2017, tolled limitations for 212 days, making his petition due on or before May 24, 2017. Therefore, this federal petition, filed on September 6, 2017, is untimely unless petitioner can demonstrate that equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's

---

[4]October 22, 2016, was a Saturday.

4

control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). The petitioner bears the burden to establish that equitable tolling is justified. *See Holland*, 560 U.S. at 649.

There is no evidence in the record that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court. Petitioner contends that his delay was due largely to his inability to obtain free copies of his trial transcripts in order to prepare a PDR and seek post-conviction habeas relief. (Pet. 9; Pet'r's Mot. for COA 1-2.) In the context of a need asserted by a criminal defendant to review the state court record, a distinction is made between whether the need is asserted on direct appeal or in post-conviction proceedings. If the former, the state must provide an indigent defendant with a trial transcript free of charge when it is necessary for meaningful appellate review, but the state is not obligated to automatically supply a transcript to allow a "fishing expedition" or if the parts requested are not germane to the issues on appeal. *See Griffin v. Illinois,* 351 U.S. 12, 19-20 (1956); *Kunkle v. Dretke,* 352 F.3d 980, 985-86 (5th Cir. 2003). Petitioner's appellate counsel apparently had access to the trial transcripts on petitioner's first appeal as of right because he

5

cited to them throughout petitioner's appellate brief. Such access is often seen to be a reasonable accommodation of this right, in which case the defendant need not "be provided with physical custody of a copy of the transcript." *See Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973). In contrast, in postconviction habeas proceedings, it is well established that an indigent defendant does not have a constitutional right to a free copy of his transcript or other court records. *See United States v. MacCollom*, 426 U.S. 317, 319-28 (1976); *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *Smith*, 472 F.2d at 165; *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971).

Petitioner also contends that his delay was due to his low I.Q., indigency, and unfamiliarity with the legal process. (Pet'r's Mot. for COA 3, 5.) However, allegations of a low I.Q. will not support equitable tolling in the absence of evidence demonstrating that such condition rendered the petitioner unable to pursue his legal rights during the relevant time period. (Pet'r's Mot. for COA 3.) *See Fisher*, 174 F.3d at 715-16. And, petitioner's indigency and unfamiliarity with the legal process are common problems among inmates pursuing postconviction habeas relief and do not warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Nor has petitioner made a colorable claim that he is actually innocent of the offense for which he was convicted. A petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"-sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Petitioner makes no such showing. Petitioner fails to demonstrate that equitable tolling is warranted.

Accordingly, petitioner's federal petition was due on or before May 24, 2017. His petition, filed on September 6, 2017, is therefore untimely.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling.

Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED December **13**, 2018.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　JOHN MCBRYDE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE